**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Laura Schmid,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>The Benefit Company, Inc.,<br><br>　　　　Defendant. | Case No: 3:17-649-MBS<br><br>**COMPLAINT** |

COMES NOW PLAINTIFF Laura Schmid, who, complaining of Defendant, would show unto the Court as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Jefferson County, Alabama.

2. Defendant is a corporation, organized under the laws of the State of Georgia, with its principal place of business in Richland County, South Carolina.

3. This case arises out of federal law, namely the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended ("ERISA"), and their respective implementing regulations.

4. This Court has jurisdiction over the subject matter due to the federal questions referenced herein and the diversity of citizenship between the parties.

5. Venue is proper in this division, which is the situs of Defendant's principal place of business and where the acts and omissions giving rise to the claims arose.

<u>Schmid v. The Benefit Company, Inc.</u>
Complaint
Page 2 of 8

## FACTUAL BACKGROUND

6. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

7. Defendant is a life, accident and health brokerage agency.

8. Plaintiff was an employee of Defendant from around March 2012 until her termination on March 23, 2016.

9. Plaintiff was assigned to work as a communications specialist for Defendant for the duration of her employment.

10. She was compensated on a salary basis but Defendant made deductions in her pay for absences for less than one day.

11. At the time of her termination, her direct supervisor was Randy Stober, Operations Manager.

12. In February or March 2016, Plaintiff attended a luncheon during which she discussed with other employees that Defendant did not have or provide summary plan descriptions (SPDs) for its employee benefit plans that were subject to ERISA.

13. Plaintiff advised her coworkers that Defendant, as an employer subject to ERISA, was exposing itself to fines from the government and civil lawsuits.

14. Defendant was aware that Plaintiff knew about the lack of the requisite SPDs because Plaintiff had brought it to Kimberly Bigbee, Senior Account Manager, and Mr. Stober's attention earlier in 2016 when Plaintiff requested a copy of the SPD for her benefits.

Schmid v. The Benefit Company, Inc.
Complaint
Page 3 of 8

15. At some point, someone in higher-level management directed Virginia Watts in Business Development to work on Defendant's SPDs with Ms. Bigbee, who did not know which plans required SPDs.

16. At the time, Ms. Bigbee also did not know who the plan fiduciary was.

17. In February or March 2016, Defendant held open enrollment for its employee benefits, including the employee welfare benefit plans subject to ERISA.

18. The online enrollment form directed employees to acknowledge receipt of the SPDs for the plans, though Defendant was aware that there were no SPDs, much less SPDs distributed to employees.

19. Plaintiff objected to signing the form due to the misrepresentation and was permitted to do a hard copy enrollment instead.

20. Thereafter, Defendant edited its online enrollment form to omit the SPD reference.

21. In March 2016, Plaintiff was up for her annual review.

22. During the meeting between Plaintiff and Mr. Stober regarding her annual review, Mr. Stober scolded Plaintiff for speaking to other employees about issues regarding Defendant's management practices.

23. This issue was addressed with her in two of the five review areas.

24. Plaintiff was advised that she should only speak to management directly about such issues.

25. Mr. Stober then advised her that the discussion with which he took issue was the luncheon at which she discussed with her coworkers Defendant's practices regarding salaried employees and the lack of the required SPDs.

26. Mr. Stober advised her that he did not know the law regarding SPDs and brought in Human Resources Manager Wendy Beard to sit in on the meeting.

27. Mr. Stober asked Plaintiff whether she had told other employees that Defendant could be sued for failing to have a SPD for the employee benefit plans that were subject to ERISA.

28. Plaintiff acknowledged that she had.

29. Mr. Stober tossed his head back and said, "Ugh!"

30. Later in the meeting, Mr. Stober again brought up the SPD issue and asked again whether Plaintiff told other employees Defendant could be sued for failing to provide the SPDs.

31. Ms. Beard then chimed in that she was sure Defendant was doing what needed to be done in the timeframe it needed to be done, which was false.

32. Plaintiff had to leave, and Mr. Stober said they would resume the review meeting the following week.

33. On the following Monday, Mr. Stober set a time for the meeting the following day.

Schmid v. The Benefit Company, Inc.
Complaint
Page 5 of 8

34. The day Plaintiff was supposed to finish her review meeting with Mr. Stober, she overheard part of a conversation in which another employee was being asked to perform her duties.

35. The employee then pulled up a chair beside Plaintiff and asked her how to do the work.

36. Plaintiff knew she was about to be terminated for opposing Defendant's unlawful practices.

37. In the meeting that afternoon, Mr. Stober and Ms. Beard were present.

38. Mr. Stober again read through the five review areas, including the two taking an issue with her opposition to management's unlawful practices.

39. Though Plaintiff had been successfully performing her job duties, Plaintiff was advised that she would not be getting a raise because of the SPD issue.

40. The next day, Mr. Stober informed Plaintiff that President Steve Lunceford said she could resign or be terminated.

41. The basis given was pretext for the true motivating factors: Plaintiff's opposition to management's lack of a request for an SPD, Plaintiff's requests for the SPD, and Plaintiff's opposition to management's unlawful compensation practices in contravention of the Fair Labor Standards Act and its regulations.

42. But for Plaintiff's protected opposition, she would not have had a disciplinary loss of a raise or a constructive discharge.

43. Since that time, Plaintiff has suffered a substantial loss of enjoyment of life, wages, emotional distress, loss of benefits, loss of her home, attorney's fees, and other substantial damages resulting from Defendant's acts.

44. To date, Plaintiff still has not received the requested SPDs.

45. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Retaliation - ERISA)

46. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

47. Plaintiff engaged in acts protected by ERISA.

48. Defendant was an "employer" subject to ERISA.

49. She was subjected to discipline, discrimination, and discharge as a result of her inquiries regarding the SPDs and her opposition to practices in contravention of ERISA.

50. These acts were intended to interfere with her enforcement of her ERISA rights.

51. These acts were causally connected to her adverse employment action and were motivating factors in Defendant's decisions to impose the retaliatory treatment.

52. As a result, Plaintiff suffered substantial damages, for which she seeks reinstatement, attorney's fees, costs, and other equitable relief.

Schmid v. The Benefit Company, Inc.
Complaint
Page 7 of 8

**AS AND FOR A SECOND CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**(Failure to Provide Requested Plan Documents – ERISA)**

53.     Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

54.     At all times during relevant hereto, Defendant was subject to ERISA's requirements regarding the provision of summary plan descriptions upon the request of any participant or beneficiary.

55.     Plaintiff requested these documents, which Defendant had never caused to be created, from Defendant, the plan administrator, in 2015 and 2016.

56.     To date, no such documents have been provided.

57.     As a result, Plaintiff seeks statutory daily penalties, attorney's fees, and costs.

**AS AND FOR A THIRD CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE**
**(Improper Deductions and Classification– FLSA)**

58.     Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

59.     Defendant is an employer subject to the FLSA.

60.     Though Plaintiff was classified as exempt, Defendant made improper deductions from her pay for absences of less than a full day.

61.     Defendant had a practice of making such deductions from numerous salaried employees, who should not have been classified as exempt as a result.

62. Due to the unlawful deductions, Plaintiff suffered a loss of wages to which she was entitled under the FLSA.

63. Plaintiff seeks to recover back wages, statutory liquidated damages, attorney's fees, costs, and all other statutory remedies as a result of the unlawful deductions.

64. Defendant knew it was violating the FLSA or acted in reckless disregard of its obligations of the FLSA such that Plaintiff should be able to recover back wages within the past three years.

### AS AND FOR A FOURTH CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE
**(Retaliation– FLSA)**

65. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

66. Defendant is an employer subject to the FLSA.

67. Defendant disciplined and ultimately discharged Plaintiff for opposing its compensation practices, which contravened the FLSA.

68. As a result, Plaintiff suffered substantial damages and seeks to recover back wages, reinstatement, statutory liquidated damages, attorney's fees, costs, and all other statutory remedies as a result of the unlawful deductions.

69. Defendant knew it was violating the FLSA or acted in reckless disregard of its obligations of the FLSA such that Plaintiff should be able to recover back wages within the past three years.

<u>Schmid v. The Benefit Company, Inc.</u>
Complaint
Page 9 of 8

      WHEREFORE, Plaintiff prays for an Order granting the relief requested herein, for all available statutory remedies, attorney's fees and costs, for pre- and post-judgment interest, as available, for appropriate injunctive and equitable relief, and for such other and further relief as deemed proper by this Honorable Court.

                              **SARVIS LAW, LLC**

                              By:  <u>s/Bryn C. Sarvis</u>
                                    Bryn C. Sarvis
                                    Fed Bar # 10478

                            3347-B Augusta Highway
                            Gilbert, SC 29054
                            Email:  bsarvis@sarvislaw.com
                            (803) 785-5525 Ofc
                            (803) 610-2655 Fax

March 8, 2017                            *Attorney for Plaintiff*